*309
SUMMARY ORDER

Petitioners Hong Yu (“Yu”) and his son Tianyi Yu,[3] natives and citizens of the People’s Republic of China, seek review of the April 18, 2007 orders of the BIA affirming the August 31, 2004 decision of Immigration Judge (“IJ”) Robert D. Weisel, denying Hong Yu’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”) and Tianyi Yu’s request for derivative relief based on his father’s application. In re Hong Yu, No. A076 106 062 (B.I.A. Apr. 18, 2007), and In re Yianyi Yu, No. A076 106 063 (B.I.A. Apr. 18, 2007), aff'g Nos. A076 106 062 and A076 106 063 (Immig. Ct. N.Y. City Aug. 31, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When, as here, the BIA affirms the IJ’s decision in every respect but one, “we review the judgment of the IJ as modified by the BIA’s decision.” Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Asylum and Withholding of Removal— National Security Bar
An alien is ineligible for asylum if “there are reasonable grounds for regarding the alien as a danger to the security of the United States.” See 8 U.S.C. § 1158(b)(2)(A)(iv); 8 C.F.R. § 208.13(c)(1). Similarly, an alien is ineligible for withholding of removal if “there are reasonable grounds to believe that the alien is a danger to the security of the United States.” See 8 U.S.C. § 1231(b)(3)(B)(iv); 8 C.F.R. § 1208.16(d)(2). In addressing the phrase “reasonable grounds for regarding the alien as a danger to the security of the United States” as used in former § 243(h)(2)(D) of the Immigration and Nationality Act (“INA”), the Attorney General has found that the bar applies “if there is information that would permit a reasonable person to believe that the alien may pose a danger to the national security.” Matter of A-H-, 23 I. & N. Dec. 774, 789 (A.G.2005) (emphasis added). The Attorney General concluded that this standard was “substantially less stringent than preponderance of evidence.” Id. at 789. Yu’s challenges to the BIA’s reliance on this interpretation are unavailing.
Yu challenges the Attorney General’s “reasonable person” standard in Matter of A-H-, but he has failed to establish that the standard is unreasonable or contrary to clear congressional intent. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Attorney General interprets the phrase “is a danger to the security of the United States” to mean that the agency need only determine that the applicant “may pose a risk to national security.” Matter of AH- 23 I. & N. Dec. at 789 (emphasis added). We need not decide whether this interpretation is consistent -with the plain meaning of the statutory text because the BIA found reasonable grounds “to believe that [Yu] is a danger.” In re Hong Yu, No. A076 106 062 (B.I.A. Apr. 18, 2007) (emphasis added).
*310 Remand is nevertheless warranted in light of certain evidentiary errors. Specifically, the IJ found that Yu’s “deception [put] his veracity, as well as his loyalties, clearly at issue.” This finding was based on: [i] evidentiary inconsistencies relating to Yu’s financial assets, and [ii] the negative results of a polygraph test. But at the hearing the IJ repeatedly indicated that he found neither circumstance germane, and he explicitly refused to allow Yu to present pertinent evidence to clarify, rebut or explain. An IJ may not rely on evidence he has excluded. See Corovic, 519 F.3d at 96.
We therefore vacate the BIA’s decision and remand to the agency for reconsideration. On remand, the agency must determine whether application of the national security bar remains appropriate in the absence of the flawed loyalty finding. And because the BIA relied on that finding to reverse the IJ’s grant of CAT relief, we remand for reconsideration of the CAT issue as well.

Tianyi Yu

Tianyi Yu’s proceedings are remanded to the extent that he is claiming status as a derivative applicant on Yu’s application. On remand, however, the agency need not review Tianyi Yu’s request for CAT relief, which has been waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). Moreover, although Tianyi Yu argues that remand is warranted because the agency failed to consider his independent CAT claim, there is no indication in the record that he raised such a claim before the IJ. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 120 (2d Cir.2006) (holding that we lacks jurisdiction to consider claims that a petitioner fails to explain to the BIA). Accordingly, remand is not required on Tianyi Yu’s CAT claim.
For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part. The case is hereby REMANDED to the BIA for further consideration of the issues set forth in this order. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second 10 Circuit Local Rule 34(b).

. Because Tianyi Yu applied for relief only as a derivative of his father’s application, this order addresses the arguments as raised by Yu, except with respect to Tianyi Yu’s independent claim for relief under the Convention Against Torture.